IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN FLOOR CONSULTANTS AND INSTALLATIONS, INC. and CLAYTON W. KING, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 05-921C (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. In support of our motion, we rely upon the complaint and the following brief.

## QUESTION PRESENTED

Whether the Court possesses subject matter jurisdiction over plaintiffs' claim that the Government breached a contract in which it agreed that plaintiffs would not be the subject of an investigation or criminal proceeding.

## STATEMENT OF FACTS

In November 1999, plaintiff American Floor Consultants and Installation, Inc. ("American Floor") was awarded a contract to install flooring at Seymour Johnson Air Force Base, North Carolina. Compl., ¶ 10. During performance of the contract, plaintiff Clayton King, the president of American Floor, advised the Air Force of the "negligent administration" of the contract by the contracting specialist, Julia Mathis. Compl, Ex. E, "Memorandum in Support of the Debarment," p. 5.

On January 4, 2000, then Captain Davis L. Brown II sent a letter to Mr. King requesting certain information that would help the Air Force in its removal action against Ms. Mathis. Captain Brown offered a "guarantee" to Mr. King that plaintiffs would not be the subject of any investigation or criminal proceeding "resulting from this matter." Compl., Ex. A. Solely for the purpose of this motion, we do not dispute that Mr. King provided the requested information. It is clear from the contents of the letter, however, that at the time the letter was sent, the Air Force already knew that Ms. Mathis had requested that American Floor hire her son, that American Floor did, in fact, employ Ms. Mathis's son, that Ms. Mathis had requested a personal loan, and that American Floor had made a loan to her son. Id.

On August 10, 2001, the Air Force notified American Floor and Mr. King that the Air Force proposed to debar the plaintiffs from Government contracting. Compl., Ex. C. In December 2001, the Air Force issued a final decision debarring the plaintiffs from contracting with the Government for three years, beginning August 10, 2001. Compl., Ex. E. The debarment was imposed as a result of plaintiffs' employment of the contract specialist's son and plaintiffs' loans to the son. Id.

Plaintiffs have previously filed two actions relating to this matter. The plaintiffs first brought suit on August 30, 2001, in the United States District Court for the Northern District of Georgia. American Floor Consultants and Installations, Inc. v. Roche, No. 01-2340 (N.D. Ga.). On December 10, 2002, the plaintiffs voluntarily dismissed the case. See Ex. 1. On March 17, 2004, plaintiffs brought a second action in the United States District Court for the Northern District of Georgia against the Secretary of the Air Force and individual employees of the Air Force, alleging claims under the Federal Tort Claims Act, Bivens v. Six Unknown Federal

Narcotics Agents, and state tort law. American Floor Consultants and Installations, Inc. v. Roche, No. 04-CV-751 (N.D. Ga.). On March 9, 2005, the court dismissed the complaint for lack of jurisdiction. See Ex. 2. On August 23, 2005, plaintiffs filed its complaint in this Court.

**ARGUMENT**

I. The Jurisdiction Of This Court Is Limited

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). Pursuant to the Tucker Act, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

The Tucker Act does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc). Thus, a claimant must look beyond this jurisdictional statute for a waiver of sovereign immunity. Mitchell, 445 U.S. at

538; Connolly, 716 F.2d at 885. The sovereign's consent to be sued cannot be implied but must be unequivocally expressed. United States v. Testan, 424 U.S. 392 (1976).

## II. The Contract Alleged By Plaintiffs Is Not Within The Court's Jurisdiction Because It Was Made By The Government In Its Sovereign Capacity

The Air Force letter upon which plaintiffs rely does not give rise to a suit for money damages because the United States was acting in its sovereign capacity. See Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 268 (1981).

In Kania, the plaintiff agreed to testify before a grand jury against his former employer in exchange for a promise not to prosecute him for his activities while employed. 650 F.2d at 266. After testifying before the grand jury, the plaintiff was indicted for his prior criminal activities. Id. As a result, the plaintiff brought an action for damages against the Government for breaching its agreement not to prosecute the plaintiff. The court dismissed the action for lack of subject matter jurisdiction, explaining that "[t]he contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of the minds." 650 F.2d at 268. The court further explained that the United States has generally waived sovereign immunity with regard to proprietary contracts, in which "the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves." Id. However, the Government has not waived sovereign immunity for contracts that it makes in its sovereign capacity. Id.

Assuming solely for the purpose of this motion that the letter of January 4, 2000, represents a contractual commitment by the United States, this contract was made in the Government's sovereign capacity, since investigations and criminal proceedings are solely

Government functions. See Pappas v. United States, 66 Fed. Cl. 1 (2005) (Government acted in its sovereign capacity in making agreement with plaintiff to provide information in exchange for Government's agreement to abandon ongoing investigation and not to indict for criminal wrongdoing); Houston v. United States, 60 Fed. Cl. 507 (2004) (plea bargain is a contract made by the Government in its sovereign capacity).

## III. Plaintiffs' Claims Do Not Meet The Jurisdictional Requirements For Contracts Made In The Government's Sovereign Capacity

Because the alleged contract at issue was made in the Government's sovereign capacity, the Court possesses jurisdiction only if (1) the person who made the contract on behalf of the Government had authority to bind the Government to pay money damages, and (2) the language of the contract provides for the payment of money damages in the event of a breach by the Government. Kania, 650 F.2d at 268; Sanders v. United States, 252 F.3d 1329, 1331 (Fed. Cir. 1329) (alleged breach of an agreement with a criminal defendant is cognizable "only if the agreement clearly and unmistakably subjects the United States to monetary liability for any breach").

In this case, Captain Brown did not have the authority to make any decision regarding debarment of plaintiffs. See 48 C.F.R. § 9.406-1 ("It is the debarring official's responsibility to determine whether debarment is in the Government's interest"); 48 C.F.R. § 9.403 ("Debarring official means (1) an agency head or (2) a designee authorized by the agency head to impose debarment"). Nor did Captain Brown have authority to obligate the Government to pay money, and plaintiffs have made no attempt to show otherwise.

Furthermore, the letter at issue does not "clearly and unmistakably subject[] the government to monetary liability for any breach." Sanders v. United States, 252 F.3d 1329,

1335 (Fed. Cir. 2001). Indeed, the letter does not set forth any remedy if the Government breached its agreement.

## CONCLUSION

The alleged contract set forth in plaintiffs' complaint is not subject to this Court's jurisdiction. The promises made by the Government were in its sovereign capacity to investigate and bring criminal charges. They were not made for the purpose of purchasing goods or services. Additionally, the alleged contract does not contain an unmistakable promise to subject the Government to monetary liability. Therefore, for the foregoing reasons, defendant respectfully requests that the Court dismiss plaintiffs' complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

OF COUNSEL:

JOHN T. LAURO
Trial Attorney
United States Department
Of the Air Force
1501 Wilson Blvd
Arlington VA 22209
(703)696-9069

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0300
Fax: (202) 305-7643
Attorneys for Defendant

October 24, 2005