IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN FLOOR CONSULTANTS AND INSTALLATIONS, INC. and CLAYTON W. KING, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 05-921C (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

In our opening brief, we demonstrated that the Court did not possesses subject matter jurisdiction over plaintiffs' claim that the Government breached an agreement to not subject the plaintiffs to an investigation or criminal proceeding. The Government relies upon Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 268 (1981), and its progeny, which hold that "[t]he jurisdiction of the Court of Federal Claims does not extend to contracts entered into by the Government in its sovereign capacity that do not unmistakably subject the United States to damages in the event of breach." Trudeau v. United States, 68 Fed. Cl. 121, 127 (2005).

In opposition, plaintiffs argue that the alleged contract at issue was not entered into by the Government in its sovereign capacity. Rather, according to plaintiffs, the contract at issue was executed by the Government acting in its proprietary capacity. Plaintiffs also argue that the Court should be guided by the decision in United States v. Zanjanckauskas, 346 F. Supp. 2d 251 (D. Mass. 2003), which rejected the sovereign/proprietary distinction articulated in Kania. In Zanjanckauskas, the court held that the appropriate distinction for purposes of determining the court's jurisdiction under the Tucker Act is whether the contract arises in a civil or criminal context. Plaintiffs argue that the alleged contract at issue arose in a civil context.

As an initial matter, it should be noted that this Court in Trudeau declined to follow Zanjanckauskas. This Court noted that Kania had not been overruled or abandoned, as the district court had suggested. Trudeau, 68 Fed. Cl. at 127-29. Accordingly, the jurisdiction of this Court does not extend to contracts entered into by the Government in its sovereign capacity, even if the context of the agreement is civil and not criminal. Id. at 129.

An analysis of the question presented begins and ends with the alleged contract. The document at issue – a letter dated January 4, 2000 – states that plaintiffs will not be "the subject of any investigation or criminal proceeding." Compl., Ex. A. Plaintiffs do not dispute that the Government acts in its sovereign capacity when it agrees to an exchange of "services" for immunity from criminal prosecution and the Government does not promise any form of monetary compensation for the services. See Pl. Br. at 6; Pappas v. United States, 66 Fed. Cl. 1 (2005). The letter at issue purports to provide plaintiffs with immunity from criminal prosecution, and it does not offer plaintiffs any monetary compensation for their services. Therefore, the Government was acting in its sovereign capacity when it provided the letter at issue to plaintiffs.[1]

In order to escape this conclusion, plaintiffs attempt to confuse the alleged promise (not to be subjected to investigation or criminal proceeding) with the conduct alleged to be a breach

---

[1] Plaintiffs argue that the alleged contract embodied in the January 4, 2000, letter "must be read in conjunction with the January 6, 2000" memorandum to plaintiff American Floor, which stated that the Government had "no intention of pursuing a termination for default" of the then-pending contract between the parties. Pl. Br. at 8; Compl., Ex. B. The Government is unclear as to the relevance of this document. The Government did not terminate the contract to American Floor, and plaintiffs do not contend otherwise. See Pl. Br. at 2 (plaintiffs completed performance of the contract); Compl., ¶¶ 24, 28 (alleging a breach of the January 4, 2000, letter; no breach of January 6, 2000, memorandum is alleged).

of that promise (debarment). The letter, however, is not ambiguous; it does not protect plaintiffs from debarment proceedings.

The facts as alleged by the plaintiffs do not demonstrate that they were the subject of any investigation or criminal proceeding. Rather, the plaintiffs were subject to a debarment proceeding, which provided them notice and an opportunity to appear with counsel, submit documentary evidence, present witnesses, and confront the witnesses against them. See 48 C.F.R. § 9.406-3. This administrative proceeding was subject to judicial review under the Administrative Procedure Act in a Federal district court. See IMCO, Inc. v. United States, 97 F.3d 1422, 1425 (Fed. Cir. 1996). Debarment is not a criminal proceeding. See 48 C.F.R. § 9.402 (debarments may be "imposed only in the public interest for the Government's protection and not for purposes of punishment"). Thus, even assuming that the Court possessed jurisdiction over plaintiffs' claim, the facts as alleged do not establish a breach.

Moreover, even if the January 4, 2000, letter could be construed as immunizing plaintiffs from debarment, the author of the letter had no authority to make such an agreement. As we noted in our opening brief, Captain Brown did not have authority to make any decision regarding debarment of plaintiffs. See 48 C.F.R. § 9.406-1 ("It is the debarring official's responsibility to determine whether debarment is in the Government's interest"); 48 C.F.R. § 9.403 ("Debarring official means (1) an agency head or (2) a designee authorized by the agency head to impose debarment").

In order to sustain a claim for breach of contract against the United States, plaintiffs must demonstrate that the Government representative who entered the agreement had actual authority to bind the United States. City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990).

Anyone entering into an agreement with the Government takes the risk of accurately ascertaining the authority of the agent who purports to act for the Government, and this risk remains with the contractor even when the Government agent may have been unaware of the limitations on his authority. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947). Plaintiffs have made no attempt to demonstrate that Captain Brown had authority to immunize them from debarment, and the law demonstrates otherwise.

**CONCLUSION**

The alleged contract set forth in plaintiffs' complaint is not subject to this Court's jurisdiction. The promises made by the Government were in its sovereign capacity to investigate and bring criminal charges. Therefore, for the foregoing reasons, defendant respectfully requests that the Court dismiss plaintiffs' complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

OF COUNSEL:

JOHN T. LAURO
Trial Attorney
United States Department
Of the Air Force
1501 Wilson Blvd
Arlington VA 22209
(703)696-9069

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0300
Fax: (202) 305-7643
Attorneys for Defendant

January 30, 2006